## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAVIER BALDERAMA,**

   **Plaintiff,**

   **vs.**                                      **Civ. No. 21-1037  JB/JFR**

**SHANNON BULMAN, in her official
capacity as Judge for the First District
Court of New Mexico; MARY L. MARLOWE
SOMMER, in her official capacity as
Chief Judge for the First District Court of
New Mexico; J. MILES HANISEE in his
official capacity as Chief Judge of the
New Mexico Court of Appeals; HECTOR
BALDERAS, in his official capacity as
Attorney General for the State of New Mexico;
and BETINA G. McCRACKEN, in her
official capacity as Acting Director for the
New Mexico Child Support Enforcement
Division,**

   **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

   **THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28

U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849

(10th Cir. 1990).  Doc. 6.  The undersigned addresses the following matters before the Court:

   1.      On November 29, 2021, the undersigned entered a Memorandum Opinion and

Order for Amended Complaint and Order to Show Cause.  Doc. 4.  On February 4, 2022,

Plaintiff filed a Response to the Order to Show Cause.  Doc. 8.

---

[1] By an Order of Reference filed August 25, 2022 (Doc. 32), the presiding judge referred this matter to the undersigned
to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of
the case.

2.      On April 1, 2022, Defendant Attorney General Balderas filed an Answer to Plaintiff's Amended Complaint for Permanent Injunctive and Declaratory Relief and Affirmative Defense.  Doc. 11.  Defendant Balderas asserted therein only one affirmative defense in which he moved to dismiss Plaintiff's Amended Complaint against him for failure to state a claim on which relief can be granted.[2]  Doc. 11 at 10-11.

3.      On April 11, 2022, Defendants New Mexico State Court District Judge Bulman and New Mexico State Court District Judge Sommer filed a Motion to Dismiss.  Doc. 13.  On April 21, 2022, Plaintiff filed a Response.  Doc. 17.  On May 4, 2022, Defendants Bulman and Sommer filed a Reply.  Doc. 22.  On May 4, 2022, Defendants Bulman and Sommer filed a Notice of Briefing Complete.[3]

4.      On May 9, 2022, Defendant New Mexico Court of Appeals Judge Hanisee filed a Motion to Dismiss.  Doc. 24.  On May 13, 2022, Plaintiff filed a Response.  Doc. 25.  On May 23, 2022, Defendant Hanisee filed a Reply.  Doc. 28.  On May 23, 2022, Defendant Hanisee filed a Notice of Completion of Briefing.[4]  Doc. 29.

5.      On May 13, 2022, Plaintiff filed a Motion for Summary Judgment.  Doc. 26.  On May 23, 2022, Defendants Bulman and Sommer filed a Response.  Doc. 27.  On June 22, 2022, Plaintiff filed an Omnibus Answer to Motions to Dismiss and Opposition to Summary Judgment.  Doc. 31.

---

[2] Under Local Rule 7.4 and Federal Rule of Civil Procedure 6, a response to a motion must be served and filed within fourteen (14) calendar days after service of the motion.  D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(a)(1)(C), (d). To date, Plaintiff has not responded.  Under Local Rule 7.1, Plaintiff's failure to timely respond constitutes consent. D.N.M. LR-Civ. 7.1(b).

[3] On June 22, 2022, Plaintiff filed an "Omnibus Answer to Motions to Dismiss and Opposition to Summary Judgment." Doc. 31.  The Local Rules of Civil Procedure provide, however, that the filing of a surreply requires leave of the Court which Plaintiff did not seek here.  D.N.M. LR-Civ. 7.4(c).

[4] *See* fn. 3, *supra.*

6.      On May 23, 2022, Defendant McCracken filed an Answer to Plaintiff's Amended

Complaint for Permanent Injunctive and Declaratory Relief and Affirmative Defense.  Doc. 30.

Defendant asserted therein only one affirmative defense in which she moved to dismiss

Plaintiff's Amended Complaint against her for failure to state a claim on which relief can be

granted.[5]  *Id.* at 7-8.

7.      On January 17, 2023, Plaintiff filed a Motion for Progress.  Doc. 33.  On

January 20, 2023, Defendant Attorney General Raul Torrez, successor to Defendant Attorney

General Hector Balderas and substituted party, filed a Response in which he restated his

affirmative defense moving to dismiss Plaintiff's Amended Complaint against him for failure to

state a claim on which relief can be granted.  Doc. 34.  On January 20, 23, Defendants Bulman,

Sommer and Hanisee filed a Response taking no position.  Doc. 35.  On January 25, 2023,

Defendant McCracken filed a Response taking no position.  Doc. 36.

Having conducted a review of the foregoing pleadings and responses, and the applicable

law, the Court finds that Plaintiff's Amended Complaint fails to state a claim for relief pursuant

to Fed. R. Civ. P. 12(b)(6) against Defendants Torrez, Bulman, Sommer, Hanisee and

McCracken and that all § 1983 claims are barred by judicial and/or Eleventh Amendment

immunity.  The Court, therefore, recommends that the Court **DISMISS WITH PREJUDICE** all

§ 1983 claims against Defendants.  The Court further finds that Plaintiff's Amended Complaint

requesting injunctive and declaratory relief is barred by the *Younger* abstention doctrine and that

this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The Court,

therefore, recommends that all claims against Defendants seeking injunctive and declaratory or

other relief affecting the State of New Mexico district court child support proceedings be

---

[5] *See* fn. 2, *supra.*

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Finally, having determined that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court recommends **FINDING AS MOOT** Plaintiff's Motion for Summary Judgment and Motion for Progress.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2021, Plaintiff, proceeding *pro se*, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.  Doc. 1.  Plaintiff named as Defendants New Mexico State District Court Judges Shannon Bulman and Mary L. Marlowe Sommer; New Mexico Court of Appeals Judges Kristina Bogardus, Jacqueline Medina and J. Miles Hanisee; and New Mexico Attorney General Hector Balderas.  *Id.*  In his Complaint, Plaintiff identified himself as a "citizen of Mexico currently residing as an undocumented alien in Santa Fe, New Mexico."  *Id.* at 3. Plaintiff stated he is subject to a state district court child support order and that he has been held in contempt twice for failing to meet its requirements.  *Id.* at 6.  Plaintiff alleged that Defendants have attempted to coerce him to find employment to meet his child support obligations and that their attempts to do so are a violation of the Immigration Reform and Control Act of 1986 (IRCA), which makes it unlawful for an employer to knowingly employ an "unauthorized alien."[6]  *Id.* at 2, 11.  Plaintiff also stated that Defendants have entered rulings that characterize his attempts to defend himself against owing any child support as "operating in bad faith" which Plaintiff alleges is a "speech chill injury" in violation of the First Amendment right to protected speech and Fourteenth Amendment due process rights.  *Id.* at 2.  Plaintiff's Complaint sought "injunctive and declaratory relief under 42 U.S.C. § 1983 challenging New Mexico laws that

---

[6] *See* 8 U.S.C. 1324a – Unlawful employment of aliens.

require undocumented aliens to find employment and that make defending oneself in a court an example of operating in bad faith . . . in a child support case." *Id.* at 2.

On November 29, 2021, the Court entered a Memorandum Opinion and Order for Amended Complaint and Order to Show Cause.  Doc. 4.  Therein, the Court explained that Plaintiff failed to state a claim upon which the injunctive relief he requested could be granted. *Id.* at 2.  The Court explained that it was not clear that Plaintiff's requested declaratory relief would settle the controversy between Plaintiff and Defendants and that it relates to state law and to proceedings in state court which are governed by state law and state rules of civil procedure. *Id.* at 3-5.  The Court further explained that Plaintiff's claims may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court."  *Id.* at 6 (citing *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).  The Court granted Plaintiff leave to file an amended complaint and ordered him to show cause why his case is not barred by the *Younger* abstention doctrine.  *Id.* at 7.

On February 4, 2022, Plaintiff filed an Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and Request for Declaratory Relief Pursuant to 28 U.S.C. §2201(a).[7]  Doc. 7. Plaintiff named as Defendants New Mexico State District Court Judge Shannon Bulman and New Mexico State District Court Chief Judge Mary L. Marlowe Sommer; New Mexico Court of Appeals Chief Judge J. Miles Hanisee; New Mexico Attorney General Hector Balderas; and Acting Director for the New Mexico Child Support Enforcement Division Betina G.

---

[7] On February 4, 2022, Plaintiff also filed a Response to Order to Show Cause.  Doc. 8.

McCracken.[8]  *Id.*  Plaintiff's Amended Complaint "seeks advice of this court, in the form of declaratory relief under 28 U.S.C. §2201(a)[,] clarifying his legal responsibilities as well as the responsibilities of the New Mexico Child Support Enforcement Division and the New Mexico state judiciary." *Id.* at 2-3.  Plaintiff restates his undocumented alien status.  *Id.* at 2.  Plaintiff restates his allegation that Defendants' imposition of child support obligations is forcing him to either find work in violation of IRCA or be held in contempt.  *Id.* at 2-3.  Plaintiff restates his allegation that the district court's child support order, which found his efforts to avoid any child support obligation were in bad faith, is a "speech chill injury" that violates his First Amendment right to protected speech and Fourteenth Amendment right to due process.  *Id.* at 3.  Plaintiff states that he appealed the district court child support order to the New Mexico Court of Appeals, which affirmed the district court.[9]  Doc. 7 at 6-7.

Plaintiff's Amended Complaint asks this Court to (1) declare that state government representatives cannot use state power to punish an undocumented alien for failing to find employment in violation of IRCA; (2) issue an injunction to the New Mexico Child Support Enforcement Division stopping it from initiating contempt proceedings against illegal aliens who fail to pay child support due to their failure to seek employment in violation of IRCA; (3) issue an injunction to the New Mexico Child Support Enforcement Division stopping it from imputing employment income to illegal aliens for purposes of calculating child support; (4) issue an

---

[8] Plaintiff did not name New Mexico Court of Appeals Judges Kristina Bogardus or Jacqueline Medina as Defendants in his Amended Complaint.  Doc. 7.  Plaintiff added Betina G. McCracken as a Defendant in his Amended Complaint. *Id.*

[9] *See Langarcia v. Balderama*, 2021 WL 4480901, **3, 4 (N.M. App. Sept. 30, 2021) (affirming, *inter alia,* plaintiff's ability to work as an unauthorized alien and that the record contained no inconsistencies about a finding of bad faith regarding Plaintiff); *see also Leek v. Androski*, No. 21-3165, 2022 WL 1134967, at *3 (10th Cir. Apr. 18, 2022) (explaining that the court may refer to documents referenced in the complaint if they are central to the plaintiff's claims and may take judicial notice of court records in underlying judicial proceedings ) (citations omitted)).

injunction against enforcing state court rulings that punish undocumented aliens for failing to find employment to pay child support; and (5) declare that Plaintiff's statement of opinion that the amount he owes in child support is "probably $0" is protected speech. *Id.* at 19-20.

## II.  LEGAL STANDARDS

### A.   Rule 12(b)(1) Standard

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. §1331.  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir. 2006) (citations omitted).  There are certain limitations on this general principle, however, which the court will discuss below.[10]  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.  *United States v. Rockwell Int'l. Corp.,* 282 F.3d 787, 797 (10th Cir. 2002).  Mere allegations of jurisdiction are not enough.  *Id.* at 798.  Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.  *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).  The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.  *See e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

### B.   Rule 12(b)(6) Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under this rule, all well-pled factual allegations are accepted as true, conclusory allegations or those otherwise lacking support are not accepted,

---

[10] *See* Section III.B., *infra.*

and the Court does not consider anything aside from the pleading. *Garcia*, 428 F.Supp.3d at 650

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (noting "that a court should consider no evidence

beyond the pleadings on a Rule 12(b)(6) motion to dismiss"). The rule requires the Court "to

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief

may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal

quotation marks and citations omitted). "A claim should be dismissed where it is legally or

factually insufficient to state a plausible claim for relief." *Garcia*, 428 F.Supp.3d at 650. A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state

a claim upon which relief can be based." *Hall*, 935 F.2d at 1110.

### C.    Law Governing *Pro Se* Litigants

Pleadings from *pro se* litigants are construed liberally, but *pro se* litigants are obligated to

comply with the rules of civil procedure. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir.

1994). Indeed, a *pro se* litigant's pleadings are held "to a less stringent standard than applied to

formal pleadings drafted by lawyers." *Garcia v. Cole*, 428 F.Supp.3d 644, 649 (D.N.M. 2019)

(alteration, internal quotation marks, and citation omitted). "[I]f the [C]ourt can reasonably read

the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "The broad reading of the plaintiff's complaint

does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

legal claim could be based." *Id.* And finally, the Court cannot "assume the role of advocate for

the pro se litigant." *Id.*

### III.  ANALYSIS

**A.      Plaintiff's Claims Pursuant to 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 101 S. Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 106 S. Ct. 662 (1986). To withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

For the reasons discussed below, the Court finds that Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983 either fails to state a claim on which relief can be granted or that Defendants are immune from § 1983 liability.

**1.      Defendants Torrez, Sommer, Hanisee and McCracken**

Defendants Torrez, Sommer, Hanisee and McCracken all seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that Plaintiff's Amended Complaint fails to state any specific allegations against them.  Doc. 11 at 7-8; Doc. 13 at 6-7; Doc. 24 at 7; Doc. 30 at 6-7; Doc. 34 at 2-3.  Plaintiff has not responded to Defendants Torrez's or McCracken's affirmative defenses

moving to dismiss Plaintiff's Amended Complaint.[11]   However, in his Responses to Defendants'
Bulman and Sommer's Motion to Dismiss and to Defendant Hanisee's Motion to Dismiss on the
issue of failure to state a claim, Plaintiff asserts that he is "only explicitly asking for declaratory
relief from judges" and that "[i]deally all the judges of New Mexico would be reminded that they
must follow [IRCA], and cannot deny freedom of speech by punishing people for opinions stated
in court documents."  Doc. 17 at 7; Doc. 25 at 8-9.  Plaintiff goes on to state that he "leaves it to
the discretion of the court to decide who (in addition to Shannon Bulman of the NM First
Judicial District Court and J. Miles Hanisee of the New Mexico Court of Appeals) needs to be
given the information in the declarative judgement."  *Id.*

This Court's review of Plaintiff's Amended Complaint demonstrates that Plaintiff has
failed to allege any facts on which a recognized legal claim could be based against Defendants
Torrez, Sommer, Hanisee or McCracken.  *See Robbins,* 519 F.3d at 1247; *see also Hall v.
Bellmon*, 924 F.2d 1106, 1110 (10th Cir. 1991) (explaining that a broad reading of the plaintiff's
complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a
recognized legal claim could be based and that conclusory allegations without supporting factual
averments are insufficient to state a claim on which relief can be based) (citations omitted)).
Additionally, Plaintiff has not responded to Defendants Torrez's and McCracken's requested
relief of dismissal, which pursuant to local rule constitutes his consent to dismiss his claims
against them. D.N.M. LR-Civ. 7.1(b).  Further, Plaintiff conceded in his Responses to
Defendants Bulman and Sommer's Motion to Dismiss and Defendant Hanisee's Motion to
Dismiss that his Amended Complaint fails to assert any specific allegations against Defendants

---

[11] *See* fn. 2, *supra.*

Sommer or Hanisee, but instead seeks a declaration that all judges follow IRCA and not deny
free speech or punish litigants for their opinions.  Doc. 17 at 7.

For these reasons, the Court finds that Plaintiff has failed to state a claim on which relief
can be based and recommends that Plaintiff's Amended Complaint be **DISMISSED WITH
PREJUDICE** as to Defendants Torrez, Sommer, Hanisee and McCracken.[12]

### 2. <u>Defendant Bulman</u>

Plaintiff's Amended Complaint seeks to have this Court declare that his statement of
opinion that the amount he owes in child support is "probably $0" is protected speech.  Doc. 7 at
20.  In his Amended Complaint, Plaintiff states that Defendant Bulman's child support order
indicated he acted in bad faith by his efforts to avoid his child support obligation; that he asked

---

[12] In the context of a Rule 12(b)(6) dismissal, it is well-established in the Tenth Circuit that "[a] dismissal with
prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend
would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  That is the case here.  Here,
Defendants Sommer, Hanisee and McCracken are judges and/or hearing officers who were allegedly involved in
rulings related to Plaintiff's child support obligations.  Thus, even if Plaintiff had alleged specific facts against them,
it is well-established that judges have absolute immunity from civil damages in the performance of their judicial duties.
*Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  Moreover, judicial immunity extends to individual judicial
employees such as administrative hearing officers who conducted hearings and issued rulings related to Plaintiff's
child support.  *See Whitesel v. Sengenberger,* 222 F.3d 861, 869 (10th Cir. 2000) ("Although absolute immunity
generally extends to non-judicial officers performing discretionary judicial acts, some circuits, including our own,
have held that those performing ministerial acts at the direction of a judge are also entitled to absolute immunity.").
As such, the Court finds that Plaintiff's Amended Complaint fails to state a claim against these judges and that in the
face of judicial immunity Plaintiff cannot state a claim on which relief can be granted such that granting leave to
amend would be futile.

 Similarly the Court finds that Plaintiff has already had one opportunity to amend his complaint and the
Amended Complaint appears to contain all of the facts Plaintiff can allege.  Because Plaintiff has failed to allege any
facts against Defendant Attorney General Torrez (substituted for Defendant Attorney General Balderas) and has
presented no evidence that the Attorney General for the State of New Mexico participated in the district court's child
support order at issue here, it would be equally futile to allow Plaintiff to amend his complaint as to Defendant Torrez.
Moreover, a claim against Defendant Torrez in his official capacity, as is the case here, is essentially one against the
State of New Mexico, which is entitled to immunity on such claims by virtue of the Eleventh Amendment.  The
Eleventh Amendment bars a suit for damages in federal court against a State, its agencies, and its officers acting in
their official capacities, even when the action is brought under § 1983. *See* U.S. Const, amend XI ("The Judicial power
of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against
one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Will v.
Michigan Dep't of State Police,* 491 U.S. 58 at 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that "Section
1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum
for litigants who seek a remedy against a State for alleged deprivations of civil liberties").

for clarification about which of his actions demonstrated bad faith; and that Defendant Bulman

appeared to be threatening Plaintiff with a bad faith ruling if he continued to request that the

child support order and arrears be reduced to what he believes is "allowed by state and federal

law (probably $0)."  Doc. 7 at 10-11.  Plaintiff alleges that Defendant Bulman's characterization

of his opinion regarding his child support obligations as "bad faith" has a chilling effect on his

protected speech and that she, therefore, violated his First Amendment right to protected speech

and Fourteenth Amendment right to due process.[13]  *Id.* at 15-17.

　　　To the extent Plaintiff's Amended Complaint is raising a federal civil rights violation

against Defendant Bulman, Plaintiff fails to allege facts to overcome the judicial immunity that

protects Defendant Bulman from §1983 liability.  "[J]udges of courts of superior or general

jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess

of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v.

Sparkman*, 435 U.S. 349, 355–56 (1978).  That same immunity continues even if the judge's

"exercise of authority is flawed by the commission of grave procedural errors."  *Id.* at 359.  The

Supreme Court has emphasized that a judge's immunity from § 1983 liability "is overcome in

only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial acts,

*i.e.,* actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions,

though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*,

502 U.S. 9, 11–12 (1991)(citations omitted).  The Supreme Court has also held that absolute

judicial immunity was not affected or abolished "by § 1983, which makes liable 'every person'

who under color of law deprives another person of his civil rights."  *Pierson v. Ray*, 386 U.S.

547, 554 (1967), overruled in part on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800

---

[13] *See* fn. 9, *supra*.

(1982).  Further, injunctive relief against a judicial officer or court employee is available only where "a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. §1983; *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (injunctive relief against a state judicial officer is only available when the plaintiff can show that one of the two conditions stated in § 1983 is satisfied).

Here, there is no dispute that Plaintiff's allegations against Defendant Bulman involve actions taken by her in her judicial capacity.  Additionally, Plaintiff's Amended Complaint does not allege that Defendant Bulman's judicial actions were taken in the complete absence of all jurisdiction.  As such, Defendant Bulman is entitled to judicial immunity and Plaintiff has failed to state a claim upon which relief can be granted.  Further, in seeking injunctive relief against Defendant Bulman for "enforcing state court rulings that punish undocumented aliens for failing to find employment to pay child support," Plaintiff's Amended Complaint does not allege that Defendant Bulman violated a declaratory decree or that declaratory relief was unavailable to Plaintiff.  Accordingly, Plaintiff's claims for injunctive relief against Defendant Bulman is not actionable under § 1983 and must be dismissed.

Even if it were otherwise, *i.e.,* if Defendant Bulman was not protected by judicial immunity, the Court could not provide the equitable or injunctive relief that Plaintiff seeks because it is well established that the federal court has "no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *Knox*, 632 F.3d at 1292 (same); *see also Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge"), *superseded on other grounds* by 42 U.S.C. §1983.[14]

---

[14] The Court is also not persuaded that the district court's "bad faith" finding in its child support order implicates Plaintiff's First Amendment speech rights.  *See generally Hill v. Muwwakkil*, No. 3:10cv915-HEH, 2011 WL

For the foregoing reasons, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief can be granted and recommends that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as to Defendant Bulman.[15]

**B.      Request for Declaratory Relief Pursuant to 28 U.S.C. §2201(a)**

A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act. *See Utah Animal Rights Coalition v. Salt Lake City Corp.,* 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."); *Francis E. Heydt Co. v. United States,* 948 F.2d 672, 676–77 (10th Cir. 1991).  Upon a request for a declaratory judgment, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  A declaratory judgment is not an advisory opinion.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007).  Rather, a declaratory judgment resolves an actual case or controversy, as contemplated in Article III of the United States Constitution.  *Id.*

In his Amended Complaint, Plaintiff asks this Court to (1) *declare* that state government representatives cannot use state power to punish an undocumented alien for failing to find employment in violation of the IRCA; (2) *issue an injunction* to the New Mexico Child Support

---

13196293, at *2 (E.D. Va. Feb. 1, 2011) (finding that a trial judge's evidentiary ruling does not implicate a plaintiff's First Amendment rights).  To the contrary, it appears that Plaintiff is improperly equating the Court's refusal to bend to his will and agree with his opinion regarding his child support obligations, and enforcing same, with chilling his free speech.  *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

[15] *See* fn. 12, *supra.*

14

Enforcement Division stopping it from initiating contempt proceedings against illegal aliens who fail to pay child support due to their failure to seek employment in violation of IRCA; (3) *issue an injunction* to the New Mexico Child Support Enforcement Division stopping it from imputing employment income to illegal aliens for purpose of calculating child support; (4) *issue an injunction* against enforcing state court rulings that punish undocumented aliens for failing to find employment to pay child support; and (5) *declare* that Plaintiff's statement of opinion that the amount he owes in child support is "probably $0" is protected speech. *Id.* at 19-20.

For the reasons discussed below, the Court finds that it is without jurisdiction to review Plaintiff's requests for declaratory and injunctive relief pursuant to the *Younger* abstention doctrine and must abstain from exercising jurisdiction over them.[16]

> The framers of the Constitution designed a system in which
>
> there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger*, 401 U.S. 36, 44 (1971).  Federal courts should not interfere with ongoing state court proceedings "by granting equitable relief such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" when the state forum provides an adequate avenue for relief. *Rienhardt*, 164 F.3d at 1302.  A court in the Tenth

---

[16] The *Rooker-Feldman* abstention doctrine does not apply here.  The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by a state-court judgment from bringing a case seeking review and rejection of that judgment in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005); *Miller v. Deutsche Bank Nat'l Trust Co*., 666 F.3d 1255, 1261 (10th Cir. 2012).  Because federal law gives only the U.S. Supreme Court appellate jurisdiction to review the decisions of a State's highest court, the *Rooker-Feldman* doctrine prevents state court litigants from circumventing that process by asking a federal district court to step in and review and revise a state court's judgment.  Although Plaintiff is claiming injury from the state court rulings and is asking the Court to change those rulings, at the time Plaintiff initiated proceedings in this Court, his state court appeal related to the district court's child support order was pending before the New Mexico Supreme Court.  For purposes of the proceedings before this Court, therefore, Plaintiff's appeal related to the district court's child support order was not yet final and *Rooker-Feldman* does not apply.  *See Guttman v. Khalsa*, 446 F.3d 1027, 1031–32 (10th Cir. 2006) (explaining that plaintiff filed his federal suit while his petition for certiorari to the New Mexico Supreme Court was pending such that his state suit was not final).

Circuit should abstain from entertaining cases which implicate the *Younger* doctrine, so long as an adequate opportunity is afforded in the state court proceedings to raise the federal claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999).

The Tenth Circuit has explicitly ruled that *Younger* abstention acts as a jurisdictional bar. *D. L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Thus, a district court in the Tenth Circuit must "address [abstention under *Younger*] at the outset because a determination that the district court lack[s] jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." *Id.* at 1229. Because *Younger* is a jurisdictional bar in the Tenth Circuit, a district court should look at motions to dismiss under *Younger* in light of the standard prescribed for a motion to dismiss for lack of subject matter jurisdiction. *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1295 (10th Cir. 2003). Thus, a district court in the Tenth Circuit should evaluate whether *Younger* warrants abstention by evaluating all the facts before the court, not only those in the complaint underlying the motion to dismiss. *Id.* at 1296.

For *Younger* abstention to be appropriate, the Tenth Circuit has ruled that three conditions must be present: (i) interference with an ongoing state judicial proceeding; (ii) involvement of important state interests; and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *See J.B. ex rel. Hart*, 186 F.3d at 1291 (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In *Sprint Communications, Inc. v. Jacobs*, the Supreme Court clarified that "*Younger* extends to . . . three 'exceptional circumstances' . . . but no further." 571 U.S. 69, 70, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013). Specifically, *Younger* applies to the following "three categories of state

16

cases: (1) 'state criminal proceedings,' (2) 'civil enforcement proceedings' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint*, 571 U.S. at 73). The Supreme Court in *Sprint* also clarified that the three *Middlesex* conditions are not dispositive, but are instead *additional* factors appropriately considered by the federal court before invoking *Younger*. *Sprint*, 571 U.S. at 81, 134 S.Ct. 584 (emphasis in original).

In *Hunter v. Hirsig*, 660 F. App'x 711, 714-17 (10th Cir. 2016), the Tenth Circuit continued to use *Younger*'s three-condition framework, and applied the three *Sprint* categories as a sub-set of its analysis whether there are "ongoing state administrative proceedings." *Hunter*, 660 F. App'x at 715; *see also Dawson v. Dylla*, 2021 WL 5232251, at *5 (10th Cir. Nov. 10, 2021) (explaining that *Younger* abstention applies when "(1) there is an ongoing criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests," and that if these three requirements are met and no exceptions apply, a federal court must abstain from hearing the case.) (citations omitted)). The Tenth Circuit in *Hunter* explained that "[t]he first condition -- ongoing state administrative proceedings -- involves two subparts: the proceedings must be *ongoing* and they must be the *type* of proceedings afforded *Younger* deference," where "type" is defined by the three *Sprint* categories. *Hunter*, 660 F. App'x at 715 (emphasis in the original). The Court concludes that the framework the Tenth Circuit employed in *Hunter* is controlling and will apply it here. *See ETP Rio Rancho Park, LLC v. Grisham*, 517 F. Supp. 3d 1177, 1246 (D.N.M. 2021) (finding that the *Younger* framework employed in *Hunter* is controlling).

To begin, the Court addresses the threshold question and first condition in *Younger* abstention, *i.e.,* whether the underlying state court proceedings are ongoing and whether they concern the type of case for which *Younger* abstention is appropriate.  Here, it is undisputed that the state court proceedings related to Plaintiff's child support obligations for which he seeks injunctive and declaratory relief were ongoing at the time Plaintiff filed this federal action and continue to be ongoing.  *See* Doc. 33 (Motion to Progress) (Plaintiff affirming on January 17, 2023, that his state case continues to be heard by Defendant Bulman); *see also Langarcia v. Balderama*, Case No. D-101-DM-2012-00080, First Judicial District Court, County of Santa Fe, State of New Mexico (showing parentage, custody and child support case was initiated on January 27, 2012, and remains open).[17]

As for determining the type of proceeding, the Supreme Court has held that *Younger* applies to "particular state civil proceedings that are akin to criminal prosecutions."  *Sprint*, 571 U.S. at 72.  The Court described these matters as "civil enforcement proceedings . . . characteristically initiated to sanction the federal plaintiff, *i.e.,* the party challenging the state action, for some wrongful act."  *Id.* at 79.  A state entity typically initiates these proceedings, which usually entail an investigation and a formal complaint or charges.  *Id.*  These proceedings, moreover, are mandatory and are "[themselves] the wrong which the federal plaintiff seeks to correct via injunctive relief."  *Brown ex rel. Brown v. Day*, 555 F.3d 882, 891 (10th Cir. 2009).

Plaintiff argues that his state court case fails to fall into one of the three classes of exceptional cases for which *Younger* abstention is appropriate as described in *Sprint*.  Doc. 8 at 4-6.  For instance, he argues that his state court case is related to a civil, not a criminal

---

[17] *Leek v. Androski*, No. 21-3165, 2022 WL 1134967, at *3 (10th Cir. Apr. 18, 2022) (explaining that the court may refer to documents referenced in the complaint if they are central to the plaintiff's claims and may take judicial notice of court records in underlying judicial proceedings ) (citations omitted)).

proceeding, thereby eliminating the first type of case under the *Sprint* analysis. *Id.* He argues

that a "ruling to set a child support amount is not akin to an enforcement proceeding," such that

the underlying state court case is not a "civil enforcement proceeding." *Id.* Finally, Plaintiff

argues that the underlying state court case does not involve contempt proceedings and is not

related to posting bond pending appeal so it is not a "civil proceeding involving certain orders

that are uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Id.*

The Court finds that Plaintiff's arguments misread *Sprint* and misrepresent the nature of

the underlying state court proceedings from which he seeks relief in this Court. Here, Plaintiff's

federal lawsuit seeks injunctive and declaratory relief to overturn the state district court's child

support order and thwart the New Mexico Child Support Enforcement Division's attempts to

enforce same. As such, the underlying state court proceedings at issue are not merely a "ruling

to set a child support amount" as Plaintiff contends. *See Sprint*, 571 U.S. at 79 (explaining that

in civil enforcement proceedings a state actor is routinely a party to the state proceedings and

often initiates the action and that investigations are commonly involved, often culminating in the

filing of a formal complaint or charges).[18] Additionally, Plaintiff's Amended Complaint

---

[18] See N.M.S.A. 1978, § 40-4-19 – Enforcement by decree by attachment, garnishment, execution or contempt proceedings, which states "[n]othing in Sections 40-4-12 through 40-4-19 NMSA 1978 shall prevent a person or persons entitled to benefits of any decree for alimony or support from enforcing the decree by attachment, garnishment, execution or contempt proceedings as is now provided by statute[.]"

*See also* N.M.S.A. 1978, § 40-4B-6 – Hearings; powers of child support hearing officers – provides that child support hearing officers have the adjudicatory powers possessed by district courts under the Support Enforcement Act, the Revised Uniform Reciprocal Enforcement of Support Act, and any other law allowing the enforcement and establishment of support obligations by the state. N.M.S.A. 1978, § 40-4B-6A. N.M.S.A. 1978, § 40-4B-6 further provides in pertinent part that

The child support hearing officer shall have the power to preserve and enforce order during hearings; administer oaths, issue subpoenas to compel the attendance and testimony of witnesses, the production of books, papers, documents and other evidence or the taking of depositions before a designated individual competent to administer oaths; examine witnesses; and do all things

explicitly states there have been two contempt proceedings brought against him, and that he has

concern over the threat of future contempt proceedings, directly related to Plaintiff's failure to

comply with the district court's child support order.  Doc. 7 at 2, 6.  Moreover, Plaintiff

specifically requests this Court issue an injunction to the New Mexico Child Support

Enforcement Division to not initiate contempt proceedings for his failure to pay child support

and issue an injunction against enforcing state court rulings that enforce the payment of child

support against undocumented aliens.  *Id.* at 19-20.  As such, the Court finds that the ongoing

underlying state court proceedings at issue here fall squarely within the type of civil proceedings

for which *Younger* abstention is appropriate.  The first condition of *Younger*, therefore, is met.

The second condition of *Younger* is also met because the underlying state court

proceedings are judicial in nature and provide an adequate forum to hear Plaintiff's alleged

federal violation claims and have done so.  Although Plaintiff attempts to undo the effects of the

district court's child support order by cloaking his action as federal claims within this Court's

jurisdiction, it is undisputed that Plaintiff raised these issues in his underlying state court child

support proceedings[19] and appealed the district court's child support order to the New Mexico

Court of Appeals, which affirmed the district court's findings.  Doc. 7 at 7; *see also Langarcia v.*

*Balderama*, 2021 WL 4480901, *3 (N.M. App. Sept. 30, 2021)  (affirming that an unauthorized

alien can work in the United States without risk of criminal punishment, even if such

---

comfortable to law which may be necessary to enable him to discharge the duties of his office
effectively.

N.M.S.A. 1978, § 40-4B-6C.

[19] *See* First Judicial District Court, County of Santa Fe, State of New Mexico, Case No. D-101-DM-2012-00080
(Objections to Illegal Child Support Ruling, filed April 14, 2020; Order Resolving Objections to Child Support Report
and Decision, filed April 23, 2020; Motion to Clarify and Reconsider Illegal Written Child Support Ruling, filed
May 11, 2020; Order Denying Motion to Clarify and Reconsider, filed May 13, 2020).  *See* fn. 4, *supra*.

employment is inconsistent with the employer's restrictions under federal immigration law; and finding the record contained no inconsistencies about a finding of bad faith).  Further, Plaintiff petitioned for certiorari to the New Mexico Supreme Court, which it denied on January 11, 2022, during the pendency of this action.[20]  Doc. 7 at 5; Doc. 21 at 2 (citing *Langarcia v. Balderama*, S-1-SC-39055).  As such, the Court finds that the New Mexico state court proceedings have offered Plaintiff an adequate opportunity to litigate his alleged federal claims.

Last, the Court finds that the third condition is met because it is beyond dispute that child support proceedings implicate important state interests.  The United States Supreme Court has ruled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In Re Burrus*, 136 U.S. 586, 593-94 (1890)).  "This application is consistent with *Barber's* directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees."  *Ankenbrandt*, 504 U.S. at 703 (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)).  "We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees."  *Ankenbrandt*, 504 U.S. at 703; *see also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."); *Vaughn v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989) ("it is now well-established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child") (citations omitted)).

---

[20] Federal review of state court judgments (with the exception of habeas corpus) can be obtained only in the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Finally, Plaintiff argues that even if the Court were to find that his state court proceedings meet the conditions of abstention pursuant to *Younger*, that *Younger* abstention does not apply because the Defendants here are operating in bad faith.  Doc. 8 at 6-9.  Plaintiff asserts that the New Mexico District Court and the New Mexico Human Services Department have not followed federal guidelines on initiating orders to show cause; that the New Mexico Child Support Enforcement Division provided lawyers to work against Plaintiff but none to work for him; that Plaintiff has been denied legal representation; and that the New Mexico courts have threatened Plaintiff for speaking out in his defense.  *Id.*

The *Younger* abstention does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."  *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *see also Younger*, 401 U.S. at 54 (creating exception on "showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief."); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (explaining that "it is plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment.") (citations omitted)).

The Court finds that Plaintiff has not met the "heavy burden" of demonstrating that the underlying state court proceedings were undertaken in bad faith.  Further, on the record before the Court, the Court finds there is no evidence that the bad faith exception applies to this case.

For all of the foregoing reasons, the Court finds that *Younger* compels it from addressing Plaintiff's requests for injunctive and declaratory relief related to the ongoing underlying state court proceedings and the district court's child support order and enforcement thereof.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the Court finds that Plaintiff's Amended Complaint fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) against Defendants Torrez, Bulman, Sommer, Hanisee and McCracken and that all § 1983 claims against them are barred by either judicial and/or Eleventh Amendment immunity.  The Court, therefore, recommends that the Court **DISMISS WITH PREJUDICE** all § 1983 claims against Defendants.

The Court further finds that Plaintiff's Amended Complaint requesting injunctive and declaratory relief is barred by the *Younger* abstention doctrine and that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The Court, therefore, recommends that the Court **DISMISS WITHOUT PREJUDICE** all claims against Defendants seeking injunctive and declaratory or other relief affecting the State of New Mexico district court child support proceedings for lack of subject matter jurisdiction.

Finally, having determined that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court recommends **FINDING AS MOOT** Plaintiff's Motion for Summary Judgment and Motion to Progress.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**